# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAUNDRA THOMAS, Individually and as Administratrix Ad Prosequendum and General Administrator of the Estate of BERRY THOMAS, Deceased,<br><br>                              Plaintiffs,<br><br>      v.<br><br>JOHN FENWICK SERVICE PLAZA, HMS HOST FAMILY RESTAURANTS, INC., AAA LIFE INSURANCE COMPANY, NEW JERSEY TURNPIKE AUTHORITY, JOHN DOE (Fictitious Name), and ABC COMPANY (Fictitious Company),<br><br>                         Defendants. | **OPINION AND ORDER**<br><br>Civ. No. 2:19-cv-12387 (WHW) (CLW) |

**Walls, Senior District Judge**

Pending before the Court is Plaintiff Saundra Thomas's unopposed motion to remand. Decided without oral argument pursuant to Local Rule 78, the motion is granted.

## DISCUSSION

This is the second motion to remand before the Court in this matter. Repeating from the previous Opinion: this case involves a slip and fall that occurred on January 17, 2017 on a property at or about milepost 54 on the New Jersey Turnpike. Am. Compl. ¶ 2, ECF No. 5.[1] Plaintiff is the widow and Administratrix ad Prosequendum and General Administratrix of decedent Berry Thomas, the individual who slipped. *Id.* ¶ 1. Defendants John Fenwick Service Plaza, HMS Host Family Restaurants, Inc., John Doe (Fictitious Name), and ABC Company

---

[1] All docket references will be to 2:18-cv-09036, the original docket in this matter, unless otherwise noted.

(Fictitious Name), owned, maintained, and controlled the real property on which the incident occurred. *Id.* ¶ 2. According to the Amended Complaint, the slip occurred due to icy conditions of a sidewalk. *Id.* ¶ 4. The incident caused the decedent severe bodily injuries which required medical treatment, and ultimately led to his death on February 15, 2017. *Id.* ¶ 6.

On April 10, 2018, Plaintiff filed suit in Superior Court of New Jersey asserting, *inter alia*, negligence and wrongful death. Not. of Removal, Ex. A, ECF No. 1. In the original Complaint, Plaintiffs named John Fenwick Service Plaza, HMS Host, AAA Life Insurance Company, John Doe (Fictitious Name), and ABC Company (Fictitious Company) as defendants. Defendants removed the action to this Court based on diversity jurisdiction on May 10, 2018, and filed an answer on May 16, wherein they stated that "[t]he premises in question are owned by the New Jersey Turnpike Authority." Ans. ¶ 2, ECF No. 3.

On May 19, 2018, Plaintiffs filed an Amended Complaint asserting the same claims against the same defendants, with the addition of the New Jersey Turnpike Authority ("NJTA"). Am. Compl. ¶ 2. That same day, Plaintiffs moved to remand to state court, asserting that the addition of the NJTA destroyed diversity jurisdiction. ECF No. 6. On August 16, 2018, this Court found that the "NJTA was named as defendant in direct response to Defendant's admission in its Answer that NJTA owned the property in question," and that "[a]t this stage in the litigation, the NJTA has a 'real interest in the litigation,' as an owner of the property and is not a nominal party." *Thomas v. John Fenwick Serv. Plaza*, No. 217CV04366WHWCLW, 2018 WL 3954856, at *2 (D.N.J. Aug. 16, 2018) (internal citation omitted). The Court remanded the matter to the Superior Court of New Jersey, Essex County. *Id.*

Back in state court, the NJTA filed a motion for summary judgment on February 28, 2019. ECF No. 3-1 (Docket 19-cv-12387) ("Motion Brief") at 2. Only in its reply brief on that

motion did the NJTA raise, for the first time in the litigation, the defense of common law weather immunity. *Id.* The court held that, "[t]hough raised in reply brief in contravention of Rules, common law weather immunity affords absolute immunity to NJTA only and in interest of judicial economy[, the] motion is granted." ECF No. 1 (Docket 19-cv-12387) (Notice of Removal) at Ex. E. On May 9, 2019, Defendant HMSHost removed this matter back to this Court based on diversity jurisdiction. *Id.* Plaintiff now requests the Court remand back to state court, arguing that pursuant to 28 U.S.C. §1446 (c)(1), the Notice of Removal was not filed within one year of the original filing of the complaint. Defendants preempted this argument in their Notice of Removal (despite not responding to the motion), positing that (1) they have filed within the time limit, and (2) in the alternative, Plaintiffs acted in bad faith, excusing the limit.

## STANDARD OF REVIEW

28 U.S.C. § 1447 provides that when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." On a motion to remand, the removing party has the burden of establishing that jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Removal statutes "are to be strictly construed against removal, and all doubts resolved in favor of remand." *Id.* at 111 (citations and quotations omitted).

## DISCUSSION

This analysis involves a federal removal statute that does not directly contemplate the idiosyncratic facts at hand. The parties have failed to cite a case directly on point. To recap: when Plaintiff first filed her complaint, the case was removable. *Thomas*, 2018 WL 3954856, at *1. Defendants then timely removed to federal court, where the complaint was amended to add a new non-diverse party. *Id.* The case was remanded to state court. *Id.* at *2. Considering the

amended complaint for the first time, the Superior Court in New Jersey dismissed the newly-added, non-diverse NJTA on immunity grounds, once again creating complete diversity. Notice of Rem. at Ex. E. Defendants again removed to this Court. *Id.*

### 28 U.S.C. §1446 (b)(1)

Defendants have removed this action pursuant to diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at ¶ 21. With the dismissal of the NJTA, all plaintiffs are indeed diverse from all defendants, with the amount in controversy exceeding $75,000, constituting jurisdiction under § 1332. Defendants rely on the removal statute, specifically 28 U.S.C. §1446 (b)(1), as the procedural mechanism to bring the matter before this Court. Per that section, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." But this subsection refers to the "initial pleading." Defendants therefore would ask the Court to consider the post-summary judgment complaint dismissing the NJTA to be the "initial pleading." But with successive removals, the "initial pleading" under (b)(1) refers to the filing of the state court complaint. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014). *See also In re Siyi Zhou*, 198 F. App'x 177, 179 (3d Cir. 2006) (referring to Black's Law Dictionary in finding that "a complaint is [t]he initial pleading that starts a civil action") (internal quotations omitted); *Gray v. Martin*, No. CIV. 13-73-ART, 2013 WL 6019335, at *4 (E.D. Ky. Nov. 13, 2013) (finding the "original complaint is therefore the 'initial pleading' in this case; by definition an amended complaint cannot be 'initial' because it is not first"); *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1353 (S.D. Ala. 2014) (finding the phrase "initial pleading" to be "unambiguous" because "'initial' by definition means 'first...' There cannot be multiple 'first' pleadings against a

defendant in a single civil action"). The Court must also rely on the relevant rules of statutory interpretation: "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer*, 913 F.2d 111 (internal quotations omitted); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (a court must "resolv[e] any doubts against removability"). This instruction resolves any doubts as to whether the post-summary judgment complaint may be considered an "initial pleading" for purposes of 28 U.S.C. §1446(b)(1). It cannot.

### 28 U.S.C. § 1446 (b)(3)

Defendants, however, have a backup plan: they also rely on 28 U.S.C. § 1446 (b)(3) for removal, arguing that "in the event of an action that was not originally removable, (such as the plaintiffs' amended state court complaint), but becomes removable with the receipt of a pleading, paper or Order (such as Judge Stecher's Summary Judgment Order in this case), a removal request can be filed within 30 days of receipt of the document in question, as in this case." Notice of Rem. at ¶ 24. This tracks the language of (b)(3), which permits removal if a case originally not removable "become[s] removable" during the course of litigation. This subsection applies to Judge Stecher's summary judgment order, and is a proper vehicle for removal.

With (b)(3) as the basis of removal, § 1446(c)(1) applies. Pursuant to (c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See also Home Depot U. S. A., Inc. v. Jackson*, — S.Ct. —, 2019 WL 2257158, at *3 (May 28, 2019) ("[W]hen federal jurisdiction is based on diversity jurisdiction, the case generally must be

removed within '1 year after commencement of the action'"). Before addressing Defendant's argument as to Plaintiffs' bad faith, the Court must determine if removal is timely.

All parties agree that Plaintiffs originally filed their complaint in the Superior Court of New Jersey on April 10, 2018. Notice of Removal at ¶ 1. Defendant HMSHost filed the most recent notice of removal on May 9, 2019. *Id.* Based on a reading of 28 U.S.C. §1446(c)(1), this would seem to bar removal, as the action was "commence[d]" more than a year earlier. The fact that Defendants have removed in a timely fashion once before does not factor in:

> [Defendant] seems to suggest that once a case has been timely removed under (b)(1), as here, the case is forever immunized from (c)(1)'s one-year deadline. No authority exists for such a proposition. Further, any such rule would be counter to the policy underlying (c)(1), as it would permit the very interference with ongoing state court proceedings that Congress sought to avoid in enacting (c)(1).

*Markham v. Home Depot USA, Inc.*, No. CV 13-8431-GHK JCGX, 2014 WL 117102, at *3 (C.D. Cal. Jan. 10, 2014). *See also Gastelum v. Am. Family Mut. Ins. Co.*, No. 2:15-CV-00126-JAD, 2015 WL 4928021, at *4 (D. Nev. Aug. 18, 2015) ("The fact that [Defendant] has petitioned to remove the case to federal court three times does not modify this deadline in any way").

With the one-year deadline still in play, Defendants argue that because Plaintiffs' amended state court complaint was filed on September 4, 2018, removal was timely under §1446(c)(1). Notice of Rem. at ¶ 23. But §1446(c)(1) states that a case cannot be removed "more than 1 year after *commencement of the action*" (emphasis added). Although slightly different, this phrase can be read in conjunction with the phrase "initial pleading" in (b)(1), discussed above. The action in this case was not commenced on September 4, 2018, but on April 10, 2018, when Plaintiff filed suit in the Superior Court of New Jersey. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see also United States v. $8,221,877.16 in*

*U.S. Currency*, 330 F.3d 141, 159 (3d Cir. 2003) ("[W]here a time limitation for instituting civil proceedings is concerned…the word 'commence' is a term of art with only one unambiguous meaning, expressed in Federal Rule of Civil Procedure 3…In the context of civil actions, the word 'commence' does not encompass broad concepts, but rather requires 'invocation of the judicial process'"). The one-year time limit applies to the commencement of this civil action on April 10, 2018, and removal is therefore untimely.

Pursuant to §1446(c)(1), the only way for Defendants to evade the one-year limitation is if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Defendants contend that Plaintiffs acted in bad faith because they amended their complaint to add the NJTA, which destroyed diversity, but "took no discovery against the NJTA, and made no effort to establish liability against the NJTA," and "presented only token opposition to the NJTA's Motion for Partial Summary Judgment." Notice of Rem. at ¶¶ 25-27.

"Defendants bear the burden of proving bad faith." *Hubbard v. Diaz*, No. CV 16-3006, 2017 WL 436252, at *1 (D.N.J. Jan. 31, 2017). "[T]he requirement that a party acts in bad faith sets a high threshold…particularly given the strong presumption against removal." *Weber v. Ritz-Carlton Hotel Co., L.L.C.*, No. 4:18-CV-03351-KAW, 2018 WL 4491210, at *3 (N.D. Cal. Sept. 19, 2018). *See also Rulis v. La Fitness*, No. CV.A. 13-1582, 2015 WL 1344745, at *2 (E.D. Pa. Mar. 24, 2015) (describing the "high burden of proof" required to demonstrate bad faith under §1446(c)(1)).

Relevant here, "joinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201,

216 (3d Cir. 2006) (internal quotations omitted). First, this Court has already rejected the notion that the NJTA is not a legitimate party to this action, finding that the "NJTA [is not] a ruse to destroy diversity jurisdiction…At this stage in the litigation, the NJTA has a real interest in the litigation…and is not a nominal party." *Thomas*, 2018 WL 3954856, at *2 (internal quotations omitted). Regarding their case against NJTA, Plaintiffs contest that they did "not act[] in bad faith in bringing the commercial landowner with the nondelegable duty of ice and snow removal into the suit." Mot. Br. at 3. They claim that "[d]uring the time the case was active in state court, the parties exchanged answers to interrogatories but had not yet taken any depositions." *Id.* at 2. A review of the summary judgment motion papers at the state court demonstrates an obvious intent on the part of Plaintiff to prosecute the case against the NJTA. Plaintiff opposed the NJTA's "original singular basis for the motion, which concerned only the lease provision between NJTA and its tenant." Notice of Rem. at Ex. G. The NJTA then raised for the first time in its reply brief the defense of common law weather immunity. Plaintiff thereafter wrote to the court to contest that submission, requesting she be permitted to file a sur-reply and a two-week adjournment of the motion date, both of which were granted. *Id.* at 2-3. "This is not a case where a plaintiff names a non-diverse resident defendant, never serves that defendant, and dismisses that defendant as soon as the one-year limitation in § 1446(c) expires. Moreover, there is no evidence that Plaintiff would have dismissed [the NJTA] within one year of filing the lawsuit but for an intent to prevent [Defendants] from removing the case to federal court." *Solaija Enterprises LLC v. Amguard Ins. Co.*, No. CV H-19-0929, 2019 WL 2329832, at *2 (S.D. Tex. May 31, 2019). Defendants have not met their burden of proving a bad faith exception by the Plaintiffs to the one-year time limit. It follows that their removal was untimely.

## CONCLUSION

Because the Notice of Removal was filed more than a year after commencement of the action in violation of 28 U.S.C. §1446 (c)(1), Plaintiff's unopposed by brief motion to remand (ECF No. 3) is hereby GRANTED, and it is further ORDERED that the case be remanded to the Superior Court of New Jersey, Essex County.

DATE: *12 June 2019*

_____
William H. Walls
Senior United States District Court Judge